CHARLES D. MAY, ESQ. (Bar No. 129663)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
STEVE PYUN, ESQ. (Bar No. 253563)
**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403-3221**
**Telephone: (818) 205-9955**
**Facsimile: (818)205-9944**
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com
E-Mail: spyun@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HIW, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| RENE VICENTE-MARTINEZ, | CASE NO. CV-12-2964-JFW (PLAx) |
| Plaintiff, | (Los Angeles County Superior Court Case No. KC061326) |
| v. | |
| LOWE'S HIW, INC., and DOES 1 to 50, inclusive, | **REMAND ORDER** |
| Defendants. | |

## I. BACKGROUND

On May 27, 2011, Plaintiff RENE VICENTE-MARTINEZ commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *RENE VICENTE-MARTINEZ v. LOWE'S HIW, INC., and DOES 1 to 50, inclusive*, Case No. KC061326. Plaintiff alleges that, on May 31, 2009, he suffered injuries when an object fell off a pallet and struck him while he was shopping on the premises of Defendant's retail store in the City of Industry, California.

Because California courts prohibit the inclusion of *ad damnun* clauses in complaints for personal injuries, plaintiff served a Statement of Damages pursuant

to *California Code of Civil Procedure* § 425.11.  After plaintiff RENE VICENTE-MARTINEZ submitted a Statement of Damages in excess of $75,000, Defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.

The parties have now agreed and stipulated to limit any and all recovery of damages by plaintiff RENE VICENTE-MARTINEZ in this matter at $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery at $75,000, executed by both plaintiff RENE VICENTE-MARTINEZ and his counsel.  Accordingly, the parties seek an order from this Court remanding the case to the Superior Court of California, County of Los Angeles, Case No. KC061326.

## II.  ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added).  In light of the parties' stipulation limiting any and all recovery by plaintiff RENE VICENTE-MARTINEZ to $75,000 or less, this Court to lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

//
//
//
//
//
//
//
//
//

## III.  CONCLUSION

1     Because the amount in controversy does not exceed $75,000, this Court
2 lacks subject matter jurisdiction in the present case. Accordingly, the case is
3 **REMANDED** to the Superior Court of California, County of Los Angeles, Case
4 No. KC061326.

5     SO ORDERED this 30<u>TH</u>  day of <u>April</u>, 2012.

                                                                            United States District Court Judge

*Vicente-Martinez v. Lowe's HIW, Inc.*
Case No. CV-12-2964-JFW (PLAx)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403.

3. I served copies of the following documents (specify the exact title of each document served): **[PROPOSED] REMAND ORDER**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   Ron A. Rosen Janfaza, Esq.
   LAW OFFICES OF RON A. ROSEN JANFAZA
   9025 Wilshire Blvd., Suite 301
   Beverly Hills, CA 90211
   (310) 550-1000; (310) 550-1185 - Fax

   Attorney for Plaintiff,
   RENE VICENTE-MARTINEZ

5. a. ☐ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

///

c. ❏ **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ❏ **By messenger service**. I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ❏ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ❏ **By e-mail or electronic transmission**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

❏ I declare that I am a member of the bar of this Court.

_____   _____   _____
DATE             (TYPE OR PRINT NAME)              (SIGNATURE OF DECLARANT)

C:\Temp\notesC7A056\REMAND ORDER.wpd

- 5 -
**REMAND ORDER**

**Vicente-Martinez v. Lowe's HIW, Inc.**
**Case No. CV-12-2964-JFW (PLAx)**